IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAMELA BRYANT,**

    **Plaintiff,**

vs.                                                                **No. CIV 05-0106 DJS/ACT**

**CORNERSTONE PRODUCTION, INC.**
**d/b/a T.G.I. FRIDAY'S,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Strike Plaintiff's Expert Witness **[Doc. No. 29]**, filed September 20, 2005, and fully briefed on October 18, 2005. Pursuant to Rule 702 of the Federal Rules of Evidence, Defendant moves the Court to strike Plaintiff's expert witness. As grounds for its motion, Defendant contends Mr. W. Brock Carter's testimony is not "scientific, technical or other specialized knowledge" because he did not "perform any sort of testing, make any models, rely upon any standards or codes, or rely on any studies or treatises in reaching his 'opinions' regarding the incident." Def.'s Mot. to Strike at unnumbered pg. 3. Second, Defendant argues that Mr. Carter's testimony will not assist the trier of fact in understanding the evidence because Mr. Carter's testimony "is not 'scientific, technical or other specialized knowledge,'" and his opinions are "nothing more than common sense." *Id.* at unnumbered pg. 4.

Plaintiff counters that the Court should allow Mr. Brock to testify as a safety expert since Defendant does not dispute that Mr. Brock is qualified as a safety expert. Moreover, Plaintiff

contends that, contrary to Defendant's assertion, Mr. Brock's testimony as to the safety issues raised in this case is based on specialized knowledge in the area of safety through training and thirty one years experience. Plaintiff also submitted evidence showing Defendant's counsel has hired Mr. Brock as a safety expert in other cases. *See* Pl.'s Ex. 1.

Expert testimony is admissible only if it is both relevant and reliable. *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1086 (10th Cir. 2001). The Court has broad discretion in determining the admissibility of expert testimony. *Orth v. Emerson Elec. Co., White-Rodgers Div.*, 980 F.2d 632, 637 (10th Cir. 1992). Rule 702 governs the admission of expert testimony and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Rule 702 "expressly contemplates that an expert may be qualified on the basis of experience" and, "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Fed.R.Evid 702 advisory committee's note. In addition, "an expert might draw a conclusion from a *set of observations* based on extensive and specialized experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (emphasis added).

In performing its "gatekeeping" function, the Court's task "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. In determining reliability, the Court may take into account the expert's personal knowledge and experience. *Id.* at 150. In other words, the Court must "determine if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of [his or

her] discipline.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2004)(quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)).

Defendant's argument that the Court should strike Mr. Carter as an expert witness and exclude his testimony because he did not "perform any sort of testing, make any models, rely upon any standards or codes, or rely on any studies or treatises in reaching his 'opinions' regarding the incident" fails. As a safety consultant for thirty one (31) years, Mr. Carter has extensive training and experience that qualifies him as an expert witness in this case. Mr. Carter inspected Defendant's premises, measured and photographed the location of the incident, and drew a sketch of the area of the restaurant relevant to this action. Based on his extensive and specialized experience, Mr. Carter then drew his conclusions. Keeping in mind that "the test of reliability is 'flexible,'" the Court finds that Mr. Carter's proposed testimony "rests on a reliable foundation." *Kumho*, 526 U.S. at 141.

Defendant also contends Mr. Carter's testimony is not relevant because it will not assist the jury in understanding the evidence because his conclusions are "nothing more than common sense." Def.'s Mot. to Strike at unnumbered pg. 4. In other words, Defendant contends Mr. Carter's proposed testimony does not deal with matters outside the everyday knowledge of a typical juror.

"The 'touchstone' of admissibility is helpfulness to the trier of facts." *Werth v. Makita Elec. Works Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991). Where expert testimony is offered on an issue that a jury is capable of assessing for itself, it is within the Court's discretion to rule that testimony inadmissible because it would not assist the trier of fact. *Thompson v. State Farm Fire and Casualty Co.*, 34 F.3d 932, 941 (10th Cir. 1994). The Tenth Circuit has held that as stated in

the Advisory Committee Notes to Rule 702,

> [t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

*Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1504 (10th Cir. 1996)(quoting Fed.R.Evid. 702 advisory committee's note).  The Court notes that Mr. Carter's curriculum vitae indicates extensive education and training in the area of "construction safety" and is a former member of the National OSHA Advisory Committee on Construction Safety and Health.  *See* Pl.'s Ex. 1.  Thus, his proposed testimony is not only relevant to the issues in this case but evaluating the safety of the restaurant's design falls beyond the common experience of the jury.  Accordingly, Defendant's Motion to Strike Plaintiff's Expert Witness is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witness **[Doc. No. 29]** is DENIED.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**